ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| HORIZON ACCOUNTING AND CONSULTING FIRM, CORPORATION<br><br>Recurrido<br><br>v.<br><br>MEDICAL CARD SYSTEM, INC. Y OTROS<br><br>Peticionarios | KLCE202400012 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Mayagüez<br><br>Civil núm.: MZ2018CV00138<br><br>Sobre: Cobro de dinero (Ordinario); Daños y perjuicios contractuales |
| --- | --- | --- |

Panel integrado por su presidenta la juez Ortiz Flores, el juez Rivera Torres, la juez Rivera Pérez y el juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

La parte peticionaria, Medical Card System, Inc., instó el presente recurso de *certiorari* el 3 de enero de 2024. Impugnó la *Resolución* emitida el 6 de noviembre de 2023, notificada el día 13 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[1] Mediante el referido dictamen, luego de justipreciar los planteamientos orales y escritos de los litigantes,[2] así como el expediente judicial del pleito del título,[3] el tribunal impugnado expresó que no estaba pendiente la resolución de la *Moción de Desestimación* instada por el peticionario el 13 de febrero de 2019.[4]

Examinado el recurso de *certiorari* incoado por la parte peticionaria, la oposición presentada el 1 de febrero de 2024 por la parte recurrida, Horizon Accounting and Consulting Firm

---

[1] Apéndice del recurso, págs. 202; 203. El dictamen fue objeto de una *Moción de Reconsideración* y su *Oposición*. En una *Resolución* a esos efectos, el foro primario se negó a variar su dictamen, lo que notificó el 4 de diciembre de 2023. Apéndice del recurso, págs. 204-214 anejos a las págs. 215-221; 222-224; 225-226.

[2] Apéndice del recurso, págs. 195-198 *Minuta*; 199-201 *Moción urgente aclarando record.*

[3] Véase, Apéndice del recurso, págs. 154-161; 162-166, anejos a las págs. 167-168; 169-175; 176-179, anejo a la pág. 180; 181-184; y la *Resolución* de 19 de mayo de 2022, notificada al día siguiente, en el Apéndice del recurso, pág. 185.

[4] Apéndice del recurso, págs. 115-122, anejos a las págs. 123-128. En relación con el petitorio, véase, el Apéndice del recurso, págs. 129-132; 133-143.

Número Identificador
RES2024_____

Corporation, y el tracto procesal relacionado con las contenciones del peticionario, disponemos.

## I.

Sabido es que este foro apelativo no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service*, 117 DPR 729, 745 (1986). Así, pues, lo anterior le impone a este foro intermedio la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

## II.

A la luz de la evaluación de la petición de *certiorari*, concluimos que la parte peticionaria no nos persuadió de que el tribunal recurrido hubiese cometido algún error, que justifique nuestra intervención en esta etapa de los procedimientos.[5] En su consecuencia, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Rivera Pérez concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] En su recurso de *certiorari*, la parte peticionaria esbozó la comisión de dos errores por parte del Tribunal de Primera Instancia. En específico, alegó que el foro primario se equivocó al considerar que ya había atendido el señalamiento de falta de jurisdicción por falta de legitimación activa cuando, a su entender, permanecía *sub judice*. Asimismo, señaló que el tribunal recurrido incidió al rechazar el planteamiento de falta de jurisdicción por falta de legitimación activa planteado y considerar que el mismo fue resuelto, sin entrar en los méritos de la solicitud ni resolverla mediante resolución, incluyendo los fundamentos y el derecho aplicable.